IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| RUSSELL LOOMIS, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Celebration Cruise Operator, Inc., | ) | |
| Celebration Cruise Line, Inc., | ) | |
| Celebration Cruise Holdings, and | ) | |
| Imperial Majesty Cruise Lines, *in personam*, | ) | |
| & the M/V BAHAMAS CELEBRATION, | ) | |
| her engines, tackle, appurtenances, etc., | ) | |
| *in rem*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Russell Loomis, Plaintiff in the above-captioned action, and, complaining of the Defendants, avers before this Honorable Court, upon information and belief, as follows:

Parties

1.  The Plaintiff is a person above the age of majority and is a citizen and resident of the State of Kansas.

2.  Defendants Celebration Cruise Operator, Celebration Cruise Line, Inc., and Imperial Majesty Cruise Lines, Inc. are Corporations organized and existing under the law of the state of Florida or another State, and with their principal place of business at 2132 E Commercial Blvd, Ft. Lauderdale, FL, 33308.

These defendants are and were at all times material hereto the owners *pro hac vice*, operators, and/or managing agents of the M/V BAHAMAS CELEBRATION, a self-propelled flag for-hire

1

passenger vessel, bearing IMO Number 7904891 which is flagged by the Commonwealth of the Bahamas.

3. Defendant Celebration Cruise Holdings is, on information and belief, a Bahamas corporation and the registered owner of the M/V BAHAMAS CELEBRATION.

**Jurisdiction and Venue**

4. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. 1333.

5. Venue in this district is appropriate pursuant to 28 U.S.C. 1391(a)(1) and (3).

**Applicable Law**

6. This action arises under and is governed by the General Maritime Law of the United States, The United States Code including the Passenger Vessel Act, and all other laws and regulations supplementary, amendatory and/or promulgated thereto. Plaintiff hereby invokes Fed. R. Civ. P. 9(h).

**Facts**

7. On or about July 15, 2009, Plaintiff and other for-hire passengers boarded the BAHAMAS CELEBRATION for the purpose of taking a two-day cruise.

9. Once Plaintiff boarded the vessel, Defendant owed Plaintiff a duty to exercise reasonable care to prevent injuries to the Plaintiff.

10. On July 16, 2009, Plaintiff was descending the stairs between Decks 8 and 9 aboard the vessel, when he tripped over a protruding stair light, and fell.

11. On information and belief, the protruding stair light was wither defective, and in a condition not intended by defendants, or was defectively designed, and in either event constituted an unreasonable trip hazard for passengers such as the plaintiff.

12. On information and belief, Defendants', their employees and agents, etc. were aware, or should have been aware, of the conditions referred to above, and did nothing to rectify these deficiencies.

13. As a result of the incident referenced above, plaintiff suffered severe injuries to his head, back, and legs, causing him to be incapacitated for several months, and which caused him great pain and suffering.

### As a First Cause of Action
### As to All Defendants
### (Negligence)

14. The negligence of the Defendants, their agents, servants or employees, acting individually or concurrently contributed in some way to the Plaintiffs' injuries as follows:

   a. Failing to adequately assess the risks inherent to the design of the stairs aboard the vessel;

   b. Failing to adequately inspect the condition of the stairs for trip hazards;

   b. Failing to warn the Plaintiffs of known and/or foreseeable hazards aboard the vessel;

   d. Failing to rectify and of the deficiencies referred to in the previous paragraphs;

   e. Other acts of negligence which will be shown at the trial of this cause.

### As a Second Cause of Action
### As to All Defendants
### (Breach Of Contract)

15. Plaintiffs restate and reallege each and every allegation contained in the above paragraph, as if restated verbatim here;

16. Defendants, their agents, servants, or employees, acting individually or concurrently, breached a maritime contract for passenger carriage by:

    a. Failing to provide a safe and adequate vessel for the purpose for which the contract of carriage was purchased, and;

    b. Other actions of breach that will be shown at the trial of this cause.

17. Plaintiff is entitled to, and hereby claims, a maritime lien.

18. As a result of the foregoing negligence and breach of contract, Plaintiffs have sustained the following principal elements of damages:

    a. The Value of June and Russell Loomis's cruise tickets and transportation;

    b. Medical Expenses;

    d. Damaged credit rating;

    e. Loss of fair market value of household services;

    f. Pain and suffering;

    g. Mental anguish;

    h. Loss of enjoyment of life;

    i. Disfigurement;

    j. Prejudgment value of services hired;

    k. Emotional distress; and

    l. Other damages which may be proven at the trial of this cause.

## **Plaintiffs' Prayer**

WHEREFORE, based on the foregoing, Plaintiff prays:

    a.    That Defendants be cited to appear to answer all matters aforesaid; and

    b.    That judgment be entered for Plaintiff against Defendants for all general and special damages known to the law, in an amount to be proven at trial and awarded by this Honorable Court, plus punitive damages, prejudgment interest, attorney's fees, and all taxable costs of the action, as provided by Maritime, Statutory, and State law applicable hereto.

RESPECTFULLY SUBMITTED:

By:_____/s/ *Andrew L. Waks, Esq.*
ANDREW L. WAKS, ESQ.
    FBN: 241350
9900 SW 107th Avenue, Suite 101
Miami, FL 33176
Tel: (305) 271-8282
Fax: (305) 595-9776
Email waksbar@aol.com

-and-

PRENNER MARVEL, P.A.
By: /s/ DAVID B. MARVEL
90 Queen St
Charleston, SC 29401
Ph 843-722-7250
Fax 843-722-7260

July 16, 2010